SCOTT, The THOMAS A. See Cases Nos. 13,920 and 13,921.

# Case No. 12,551.

### The SCOTTISH BRIDE v. The ANTHONY KELLY.

[28 Leg. Int. 325;[1] 4 Am. Law T. Rep. U. S. Cts. 225; 8 Phila. 151; 1 Leg. Gaz. Rep. 289; 3 Leg. Gaz. 334.]

Circuit Court, E. D. Pennsylvania. Oct. 2, 1871.

COLLISION—VESSEL AT ANCHOR—FAILURE TO DISPLAY LIGHT.

1. The failure to display the exact statutory light by a vessel at anchor, is not sufficient contributory negligence to prevent recovery of damages for a collision occasioned by the reckless navigation of another vessel.

[2. Cited in The J. W. Everman, Case No. 7,-591, to the point that, as a general rule, the presumption of fault is with the moving vessel.]

[Appeal from the district court of the United States for the Eastern district of Pennsylvania.]

In admiralty.

Morton P. Henry, for the Anthony Kelly.
J. Warren Coulston, for the Scottish Bride.

McKENNAN, Circuit Judge. This is a case of collision in which cross libels have been filed, each party seeking to cast the whole blame of the disaster upon the other. The district court made a decree in favor of the Anthony Kelly and dismissed the libel of the Scottish Bride. I think this decision was right. Presumptively the Scottish Bride was in fault. The collision occurred shortly before daylight in the breakwater harbor in Delaware Bay, where the Anthony Kelly and a number of other vessels were at anchor,

[1] [Reprinted from 28 Leg. Int. 325, by permission.]

and where there was abundant anchorage ground and sea-room for any necessary evolution. A vessel then having the control of her own movements, navigated with ordinary skill and care, it would seem at least—ought to have been able to keep out of the way of a vessel at rest. This presumption is strongly reinforced by the proofs.

Did the Anthony Kelly contribute to the injury complained of? The only ground on which such an imputation can rest is the alleged defectiveness of her signal light. She displayed a white signal light, as required by the act of congress [13 Stat. 59], indicating that she was at anchor; but in the dimensions and condition of her lantern she did not conform to the statutory requirement. In this respect only did she fall short of her duty. Prima facie then she also was in fault and must be adjudged to pay her proper proportion of the damages unless it is apparent from all the circumstances that her delinquency did not co-operate in causing the collision; in other words, that it was altogether due to the unskillful or careless navigation of the moving vessel. The Anthony Kelly was not the only vessel at anchor in the harbor. A number of vessels were near her whose lights were visible. Some of these were confessedly seen by the Scottish Bride, and thus she was sufficiently admonished of the necessity of cautious movement. And yet her course was directed to a place of anchorage among them, and was pursued with a rate of speed from which the danger of collision was inseparable. To this the collision complained of is mainly to be ascribed. At the distance at which the act of congress prescribes that a signal light should be discernible, it is a fair inference that the course or speed of the Scottish Bride were not controlled or influenced by the observation or the failure to observe any signal light. Her place of anchorage must have been selected, and her movements to reach it must have been determined, only when she came near enough to the Anthony Kelly to be able to see her light. And this I am led to the conclusion from the exhibition of the lights at the hearing in court, she could do at the distance of several hundred yards if she had kept a proper lookout. Sufficient space and warning were thus given her to avoid a collision, but heedlessly or wilfully she did not avail herself of them, and so she alone is blamable for the consequences. This culpability is not mitigated by the technical fault of the Anthony Kelly. Practically, then, no contributory delinquency is imputable to the Anthony Kelly, but to the incautious or reckless navigation of the Scottish Bride the injury complained of is altogether to be ascribed. This was the conclusion reached by the district court, and its decree dismissing the libel of the owners of the Scottish Bride against the owners of the Anthony Kelly is affirmed. And in the libel of the owners of the Anthony Kelly against the owners of the Scottish

Bride it is now decreed that the libellants recover of the respondents and their stipulators the sum of eighteen hundred and forty-three dollars and two cents, with interest from March 1, 1870, and costs.